IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jermain A. Stewart, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Nottoway Correctional Center, et al., )<br>    Defendants. ) | 1:20cv435 (LO/TCB) |

MEMORANDUM OPINION & ORDER

Jermain A. Stewart, a Virginia inmate, has brought a civil-rights suit, see 42 U.S.C. § 1983, against S. Pulliam, a unit manager at Nottoway Correctional Center, alleging that she failed to protect him from another inmate. Dkt. No. 12, Operative Compl. Pulliam moves for summary judgment, Dkt. No. 21, and has provided Stewart, a pro se litigant, with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Dkt. No. 23. Stewart opposes that motion. Dkt. No. 24. Because the undisputed evidence demonstrates that Stewart failed to exhaust his administrative remedies, the Court will grant Pulliam's motion.

I. Background

In the complaint Stewart alleges that on March 27, 2020, he informed S. Pulliam that he feared for his safety because another inmate, R. Roberts, had written him "sexual letters." Dkt. No. 12. Stewart adds that he asked Pulliam for a move, and she refused. According to Stewart, Pulliam then told Roberts that Stewart had reported his behavior under the Prison Rape Elimination Act. That evening, Stewart alleges, Roberts attacked him with a razor blade, causing injuries requiring transportation to a hospital for stitches. The following week, on April 5, 2020, Stewart initiated this civil action. Dkt. No. 1.

Pulliam moves for summary judgment on the ground that Stewart did not exhaust his administrative remedies. In support she has submitted into the record the Virginia Department of Corrections (VDOC) Operating Procedure (OP) controlling prisoner grievances, VDOC OP § 866.1. Jackson Aff. Enclosure B. OP § 866.1 requires inmates to submit a regular grievance within thirty calendar days from the date of the incident being grieved. OP § 866.1(VI)(A)(1).[1] An inmate fully completes the VDOC's administrative process for grieving issues "only when a Regular Grievance has been carried through the highest eligible level of appeal without satisfactory resolution of the issue." Id. § 866.1(IV)(O)(2).

Pulliam has also submitted an affidavit from A. Jackson, the Institutional Ombudsman at Nottoway Correctional Center, who has reviewed, and enclosed with the affidavit, pertinent VDOC records with respect to Stewart's incarceration. First, Jackson attests that Stewart received information about how to file grievances during the prison orientation he attended on February 27, 2020, a month before the events underlying the complaint. Jackson Aff. ¶ 4. Enclosed with the affidavit is the orientation sign-in sheet, which Stewart signed, and a copy of the orientation's agenda, which devoted time to OP § 866.1's grievance procedures. Jackson Aff. ¶ 4 & Enclosure A. Jackson further avers that Stewart did not submit any regular grievances concerning the claims in this lawsuit. Jackson Aff. ¶ 9. Rather, on April 6, 2020, after Stewart had already initiated this lawsuit, he submitted two informal complaints seeking an incident report, medical records, and photographs. Jackson Aff. Enclosure C.

---

[1] The Court recognizes that this deadline does not apply to grievances reporting allegations of sexual abuse. OP § 866.1(VI)(A)(1)(c). But Stewart's lawsuit is not based on sexual abuse. Rather, the conduct Stewart complaints of in this lawsuit—and the conduct that should have been the subject of a regular grievance submitted at Nottoway Correctional Center—is about Pulliam's alleged failure to protect him from a physical assault at the hands of another inmate.

2

## II. Standard of Review

The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)).

## III. Analysis

Pulliam argues that she is entitled to summary judgment because the undisputed evidence demonstrates that Stewart failed to exhaust his administrative remedies. The Court agrees.

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before initiating a lawsuit under § 1983. 42 U.S.C. § 1997e(a); see Fauconier v. Clarke, 966 F.3d 265, 274 (4th Cir. 2020). This requirement mandates "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 84, 90 (2006). The VDOC requires inmates to submit a regular grievance within thirty days of the occurrence underlying the grievance. OP § 866.1(VI)(A)(1). Stewart did not submit a regular grievance blaming Pulliam for the physical attack he sustained.

Stewart attempts to overcome the exhaustion defense by arguing that administrative remedies were unavailable to him because he was "denied grievances and was told that it would be taken care of in-house." Dkt. No. 24, Pl. Br. Opposing Summary J. Indeed, the PLRA requires inmates to exhaust only "such administrative remedies as are *available*." 42 U.S.C. § 1997e(a) (emphasis added). "[A]n administrative remedy is not considered to have been available if a

prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Even assuming *arguendo* that the prison's *alleged* response could be interpreted as rendering administrative remedies unavailable to Stewart, it remains only an allegation. Stewart's statement in his brief opposing summary judgment is unsworn and not supported by any other verified evidence; thus, it cannot be used to create a dispute of fact. See Fed. R. Civ. P. 56(e); Adickes v. S. H. Kress & Co., 398 U.S. 144, 158 n.17 (1970). To defeat summary judgment on exhaustion grounds, Stewart "must produce *evidence* that goes beyond . . . allegations." See Hodgin v. UTC Fire & Sec. Americas Corp., 885 F.3d 243, 252 (4th Cir. 2018) (internal quotation marks, alteration, and citations omitted) (emphasis added). He has not. Therefore, Pulliam is entitled to summary judgment on the ground the Stewart failed to exhaust administrative remedies.

Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment [Dkt. No. 21] be and is GRANTED; and it is further

ORDERED that this civil action be and is DISMISSED.

To appeal this decision, plaintiff must file a Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is directed, pursuant to Federal Rule of Civil Procedure 58, to enter final judgment in favor of defendant, to send a copy of this Order to plaintiff and to counsel of record for defendant, and to close this civil action.

Entered this 2nd day of September 2021.
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge